■ SOPHIE HOLLANDER et al., Respondents, v. HARDER HALL, INC., Appellant.— In an action to recover damages for personal injuries sustained by a resident of Albany, New York, while a guest in the Harder Hall Hotel in Sebring, Florida, the defendant, appearing specially, appeals from an order of the Supreme Court, Kings County, dated November 23, 1960, which denied its motion to vacate the service of process upon it; such denial being with

permission to defendant, pursuant to section 237-a of the Civil Practice Act, to allege as an affirmative defense in its answer the same facts submitted in support of the motion. Order reversed, without costs, and the motion to vacate service of process remitted to the Special Term for further proceedings as indicated herein. The conflicting affidavits present issues of fact as to whether or not the defendant's activities here are such that it is doing business to an extent sufficient to subject it to the jurisdiction of the courts of this State and to the service of process in this State. In our opinion, under the circumstances presented by this record, these issues may be more satisfactorily resolved after a hearing either before the Special Term itself or before a jury or referee upon a reference to hear and report, as authorized by the statute (Civ. Prac. Act, § 237-a, subd. 3, par. [b]). It is also our opinion that these issues should be determined now rather than await the trial (*Hammond* v. *Hammond,* 9 A D 2d 615; *Shippey* v. *Berkey,* 6 A D 2d 473; cf. *Miller* v. *Surf Props.,* 4 N Y 2d 475). Hence, such a hearing should first be held and the motion should be determined on the basis of the proof adduced upon such hearing. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.